UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIAN BOUCHER,<br>    Plaintiff | :<br>:<br>: |
| v. | :    Case No.: 3:11-cv-0925 (PCD) |
| TOWN OF NEW HAVEN; STATE OF<br>CONNECTICUT; UNITED STATES OF<br>AMERICA,<br>    Defendants. | :<br>:<br>:<br>:<br>: |

## RULING ON PENDING MOTIONS

The pro se Plaintiff, Brian Boucher, brought this action on June 9, 2011 against the Defendants, the Town of New Haven, Connecticut ("New Haven"), the State of Connecticut, and the United States of America (collectively the "Defendants"), alleging that New Haven police officers and "judicial marshals" falsely arrested and used excessive force on him, injuring him. Citing Rule 12 of the Federal Rules of Civil Procedure, New Haven moved to dismiss on August 26, 2011 [Doc. No. 10], the State of Connecticut moved to dismiss on October 4, 2011 [Doc. No. 16], and the United States moved to dismiss on October 11, 2011 [Doc. No. 19]. For the reasons stated herein, all three motions to dismiss [Docs. Nos. 10, 16, and 19] are **granted**.

**I.    BACKGROUND**

Taking the Plaintiff's factual allegations as true and drawing reasonable inferences in his favor, see Woods v. Empire Health Choice, Inc., 574 F.3d 92, 96 (2d Cir. 2009), he alleges the following. On January 3, 2010, the Plaintiff was at Union Station in New Haven. He saw two

1

New Haven police officers and seven "judicial marshals."[1] (Compl. at 3.) For unclear reasons, the law enforcement officers handcuffed the Plaintiff and threw the Plaintiff's head against a wall and against the ground. Id. The "judicial marshals" escorted him "up to a few cells," where the marshals put him on the ground, tied a metal chain to his legs and carried him into a cell. Id. Several of the "judicial marshals" then strangled the Plaintiff in view of the New Haven police officers; the police officers did not intervene. Id. After these acts of violence, a "judicial marshal" "fed [the Plaintiff] several sandwiches." Id.

On June 9, 2011, the Plaintiff, proceeding in forma pauperis, filed this action. The Plaintiff invoked the jurisdiction of 28 U.S.C. § 1331 (2006) and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), but did not name any individual defendants in his complaint. (Compl. at 2-3.) Nor did the Plaintiff specifically enumerate the constitutional deprivations he suffered, the legal theories and causes of action he seeks to pursue, or the relief he seeks. Id.

The Plaintiff has filed several responses to the pending motions to dismiss. (See generally Pl.'s Response to Mots. to Dismiss (combining separately filed responses).) These responses assert that dismissal is unwarranted because (1) the Defendants have not filed timely answers to the Plaintiff's complaint, id. at 1, and (2) the Plaintiff has not voluntarily dismissed his lawsuit pursuant to Federal Rule of Civil Procedure 41, id. at 3.

**II.    STANDARD OF REVIEW**

---

[1] The Plaintiff does not identify these "judicial marshals" as either Connecticut or federal marshals. Construing the complaint in the light most favorable to the Plaintiff and considering that the Plaintiff sued the United States, this Court assumes that the group of seven "judicial marshals" included both United States Marshals and Connecticut Judicial Marshals.

2

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). In ruling on a motion under Rule 12(b)(6), the court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp, 482 F.3d 184, 191 (2d Cir. 2007). The court may also consider public records, such as documents filed in related State court actions. See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (Blue Tree).

The district court may dismiss a claim under Rule 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

For the purposes of a motion to dismiss, the court must take all of the factual allegations in the complaint as true. However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions." Bell Atlantic, 550 U.S. at 555.

## III. DISCUSSION

A. <u>The Plaintiff's arguments</u>. The Plaintiff argues that this Court should not consider the Defendants' motions to dismiss because (1) the Defendants have not filed timely answers to the Plaintiff's complaint, and (2) the Plaintiff has not voluntarily dismissed his lawsuit pursuant to Federal Rule of Civil Procedure 41. Neither contention has merit.

First, a party filing a Rule 12 motion has fourteen days after the court's action on the motion to file a responsive pleading. Fed. R. Civ. P. 12(a)(4). Because this Court has not acted on the Defendants' Rule 12 motions prior to this ruling, the Defendants did not need to file responsive pleadings within the time limits prescribed by Rule 12(a)(1)-(3). Of course, because this Court, in this ruling, grants the Defendants' Rule 12 motions, the Defendants need not ever file responsive pleadings.

Second, although the Plaintiff accurately points out that he has not moved for voluntarily dismissal of his lawsuit, this fact does not affect the Defendants' ability to assert defenses prior to a responsive pleading. <u>See</u> Fed. R. Civ. P. 12(b). Because the Defendants have validly moved to dismiss pursuant to Rule 12(b), this Court may grant the motions and dismiss this action without the Plaintiff's agreement or consent as contemplated by Rule 41(a).

B. <u>New Haven</u>. This Court liberally construes the Plaintiff's complaint to allege a 42 U.S.C. § 1983 claim against New Haven. <u>See</u> <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2007) ("[T]he submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.") (emphasis deleted) (internal quotations omitted). Because the Plaintiff has not named any of the officers involved in the

January 3 incident as individual defendants,[2] this Court further construes his 42 U.S.C. § 1983 claim as one based on a constitutional harm suffered as a result of a municipal policy or custom under the doctrine of Monell v. New York City Dep't. Of Social Servs., 436 U.S. 658 (1978).

"Absent a showing of a causal link between an official policy or custom and the plaintiffs' injury, Monell prohibits a finding of liability against [New Haven]. . . . Thus, to hold [New Haven] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983) (internal citations omitted). Assuming without deciding that the Plaintiff has successfully alleged the denial of a constitutional right, the Plaintiff's pleadings do not plausibly allege an official policy or custom which caused the denial. (See Compl. at 3.) This Court must dismiss the Plaintiff's 42 U.S.C. § 1983 claim.

To the extent that the Plaintiff also asserts state law claims against New Haven, he has not successfully alleged a waiver of New Haven's immunity from suit in tort which would make the claim cognizable in this Court. See Segreto v. City of Bristol, 71 Conn. App. 844, 849, 804 A.2d 928 (2002) ("The general rule developed in the case law is that a municipality is immune from liability unless the legislature has enacted a statute abrogating that immunity."). Specifically, the Plaintiff has not alleged any facts which would bring any state law claims he might assert within the limited waiver of immunity in Conn. Gen. Stat. Ann. § 52-557n(a)(1).

---

[2] Moreover, as the State of Connecticut argues, any individual claim against an individual officer would have to be dismissed because the Plaintiff has not effected service on any potential individual defendant, leaving only the claims against the named Defendants.

Without a plausible basis for maintaining a state law claim against New Haven, this Court must also dismiss any state law claims the Plaintiff asserts.

      C.     State of Connecticut. This Court similarly construes the Plaintiff's complaint to allege a 42 U.S.C. § 1983 claim against the State of Connecticut. See Triestman, 470 F.3d at 474. The Plaintiff may not pursue this action against the State of Connecticut without its consent, and 42 U.S.C. § 1983 does not abrogate the state's sovereign immunity. See, e.g., Quern v. Jordan, 440 U.S. 332, 340-42 (1979). The Plaintiff has pleaded no facts to suggest that the State of Connecticut has waived its sovereign immunity or consented to suit and has not named a state official as an individual defendant against whom he might permissibly seek damages.³ In addition, the Plaintiff has not pleaded facts sufficient to invoke the doctrine of Ex parte Young, 209 U.S. 123 (1908), and enable him to seek prospective relief. This Court must dismiss the Plaintiff's claims, including any state law claims the Plaintiff might assert, against the State of Connecticut.

      D.     United States. Finally, the Plaintiff asserts a Bivens claim against the United States. "A Bivens action will only lie against a federal government official and thus such actions against the United States or a federal agency are 'routinely' dismissed." Dunn v. Fed. Bureau of Prisons, No. 3:03-cv-1928 (JBA), 2006 WL 695805, at *4 (D. Conn. Mar. 20, 2006) (citing Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 486 (1994), and Mack v. United States, 814 F.2d 120, 122-23 (2d Cir. 1987)). Again, the Plaintiff has named no individual defendants at all and, specifically, has named no individual federal officers in his complaint; the United States is the

---

³ Again, even if this Court construes the Plaintiff's pleadings to assert claims against individual state officers, such claims could not stand because the Plaintiff has not effected service on any individual defendants. See note 2, supra.

only named federal defendant.  Accordingly, this Court must dismiss the Plaintiff's Bivens action against the United States.

To the extent that the Plaintiff brings state law claims against the United States as permitted by 28 U.S.C. §§ 1346, 2674, this Court must also dismiss them.  The Plaintiff has not pleaded sufficient facts to show that he made presentment of his claim as required by 28 U.S.C. § 2675.  This Court must therefore dismiss any state law claims the Plaintiff asserts against the United States.

**IV.     CONCLUSION**

For these reasons, the Defendants' respective motions to dismiss [Docs. Nos. 10, 16, and 19] are **granted**.  The Clerk is directed to close this case.

SO ORDERED

Dated at New Haven, Connecticut, this  17th  day of November, 2011.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court